In re Application of Leeb.

(No. 1435—Decided March 8, 1971.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. William J. Brown*, attorney general, for appellants.

Guernsey, J. This appeal on questions of law arises from a proceeding with reference to an "application" filed in the Common Pleas Court of Allen County by, or on behalf of, the Superintendent of the Lima State Hospital for the release of Harriet Leeb, who had been committed to the hospital by the Court of Common Pleas of Franklin County after having been found not guilty by reason of insanity of two counts of manslaughter and one count of arson.

The "application" states that it is made under the provisions of R. C. 2945.39, which provides, in pertinent part:

"When a defendant pleads 'not guilty by reason of insanity,' and is acquitted on the sole ground of his insanity, such fact shall be found by the jury in its

verdict, and it is presumed that such insanity continues. In such case the court shall forthwith direct that the accused be confined in the Lima state hospital, and shall forthwith commit him to such hospital, and such person shall not be released from confinement in said hospital until the judge of the court of common pleas of Allen county, the superintendent of the Lima state hospital, an alienist to be designated by said judge and superintendent, or a majority of them, after notice and hearing, find and determine that said defendant's sanity has been restored, and that his release will not be dangerous. If said release is granted, it may be final or on condition, or such person may be released on parole, and thereafter, in the discretion of said judge or superintendent, said defendant may be returned to said hospital. Notice of such hearing shall be given to the prosecuting attorney of Allen County and to the prosecuting attorney of the county from which said defendant was committed. This section does not deprive said defendant of his constitutional privilege to the writ of habeas corpus. * * *''

After the filing of the ''application'' on July 27, 1970, the matter was docketed as a case in the Common Pleas Court. On August 31, 1970, an entry under the caption of the court and over the signature of one of the Common Pleas judges was filed dismissing the application for release pursuant to the oral motion of the Superintendent of the Lima State Hospital. Thereafter, on September 8, 1970, attorneys for Harriet Leeb, who had on the same date filed a petition for a writ of habeas corpus for her release, also filed a motion for the court to set aside its entry of dismissal of the superintendent's application, and filed a motion in the habeas corpus case that it be consolidated for hearing with the case docketed as a result of the superintendent's application. The motions and the habeas corpus case were set to be heard simultaneously on October 15, 1970. At the hearing, rulings on the motions were deferred until all the evidence was adduced. At the close of the hearing on October 15, 1970, by statement from the bench the Common Pleas judge ordered the superin-

tendent's application reinstated and further said (bill of exceptions in the habeas corpus appeal):

"I am consolidating these two cases together and I am treating the matter as an application on behalf of the Superintendent of the Hospital for the release of this petitioner, or this patient, Harriet Leeb, and I am ordering, or—and I further find by majority of the Court and alienist and the State Hospital Superintendent, by concurrence of majority, the Court finds that the petitioner, that the patient, Harriet Leeb, has been restored to reason, is now sane, and that her release will not be dangerous. The release is to be conditional for one year upon the conditions * * * ."

None of these orders were ever journalized and the order of release of Harriet Leeb, as thereafter journalized on October 28, 1970, was recited as being in response to the petition for release on habeas corpus and not in response to the "application" filed by the superintendent.

A motion by one of Miss Leeb's attorneys, not filed with the clerk of the Common Pleas Court but containing the typewritten legend, "Filed with the trial court on October 21, 1970," sought leave to withdraw her motion "to set aside the former Entry of Dismissal" filed on September 8, 1970, and sought leave to join with "the parties to this action for an order to dismiss Plaintiff's Motion to Consolidate."

On January 14, 1971, an entry was filed as follows:

"The motion filed October 21, 1970, on behalf of Harriet Leeb, for leave to withdraw her former motion to set aside the former entry of dismissal of this case which entry was filed on September 8, 1970, and to join with the state of Ohio and the parties to this action for an order to dismiss Harriet Leeb's motion to consolidate this case with case no. 55912, was duly set for oral hearing on Friday the 6th day of November, 1970, at 1:00 p. m. On the day of hearing, the court was informed by all counsel involved that they would waive an oral hearing and submit the motion to the court.

"On November 6, 1970, therefore, the court found and

ordered that the said motion of Harriet Leeb filed October 21, 1970, was well taken and was sustained. The former journal entry of this court dismissing the application for release filed by the Superintendent of the Lima State Hospital is therefore made the final order of this court in this case.''

It is from this ''judgment'' that notices of appeal to this court were filed respectively by the Superintendent of the Lima State Hospital and by the Prosecuting Attorney of Franklin County, Ohio. This court issued an order to show cause why the appeal should not be dismissed for want of jurisdiction and hearing was had on that order.

Without reference to whether either appellant was such party to the proceedings on the application as to have capacity to appeal we are of the opinion that the appeal, as to each of the appellants, should be dismissed for the reason that it was not taken from a judgment of a judicial tribunal over which this court has jurisdiction.

There is no provision in R. C. 2945.39 for any application to be filed anywhere by the superintendent and particularly no provision that one be filed in the Court of Common Pleas of Allen County. At most, R. C. 2945.39, prescribes a tribunal made up of a ''judge of the court of common pleas of Allen county, the superintendent of the Lima state hospital, [and] an alienist to be designated by said judge and superintendent.'' The statute contemplates that all three members of the tribunal shall sit in hearing on the issue of whether a defendant's sanity has been restored and whether his release will not be dangerous, but any two members of the tribunal may unite in an affirmative or negative determination. Indeed, the superintendent and the alienist may unite in a decision in which the judge does not join. The judge has no greater or less authority on the tribunal than does each of the other members. It is not contemplated that he sit as a court and the Legislature could as well have provided, instead of a judge, that the third member of the tribunal be the postmaster, a laborer, the chief of police, a high school student, or any other category or kind of person. The judge of the Com-

mon Pleas Court here had no color of authority to make the proceeding on the superintendent's application a court proceeding or, pursuant to a hearing in which the superintendent and an alienist did not participate as hearing members, to enter any purported "judgment" on the merits, of dismissal, or otherwise. The determination being one in which, by virtue of the numbers involved, a person other than a judge must always participate there can never be a judicial determination and, consequently, never be a judgment. Compare *State, ex rel. Rogers,* v. *Bushong,* 82 Ohio App. 209. There being no judgment there can be no appeal to this court, there being no constitutional or statutory provision permitting an appeal from this administrative tribunal directly to this court.

The foregoing is entirely dispositive of this appeal. However, even were we to assume that the entry of January 14, 1971, hereinbefore quoted, is a judgment which we, of course, have determined it is not, examination of same in the light of the balance of the proceedings shows that the purported judgment merely ratified the earlier order of the court dismissing the application of the superintendent on his motion. Neither of the appellants could possibly have been aggrieved by either "judgment" and no appeal lies on their behalf. *Ohio Contract Carriers Ass'n., Inc.,* v. *Public Utilities Commission,* 140 Ohio St. 160.

It should be observed that this dismissal of the appeal from the proceedings on the superintendent's "application" has no bearing on the merits, or lack of merits, of the appeal taken by the superintendent from the judgment of the Common Pleas Court in the habeas corpus proceeding, which appeal is yet to be heard.

*Appeal dismissed.*

YOUNGER, P. J., and COLE, J., concur.