DECISION AND JOURNAL ENTRY
{¶ 1} Lawrence Cook has appealed from an order of the Summit County Court of Common Pleas that granted Plaintiffs/Appellees James and Lori Hokes' counsel's motion to issue a charging lien and gain priority over other creditors. This Court dismisses this appeal.
 I {¶ 2} On March 31, 2005, Lawrence Cook filed a notice of appeal to this Court from a March 1, 2005 order of the Summit County Court of Common Pleas. The order stated that Hokes' counsel's charging lien had priority over all other creditors of the Hokeses.
 {¶ 3} As a creditor of the Hokeses, Cook has appealed the trial court's order asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS MARCH 1, 2005 ORDER GRANTING PLAINTIFFS' COUNSEL'S CHARGING LIEN `PRIORITY OVER ALL OTHER CREDITORS OF THE PLAINTIFFS.'"
 {¶ 4} In his sole assignment of error, Cook has argued that the trial court erred in granting the Hokes' counsel's motion to obtain top priority over other creditors. Specifically, Cook has argued that it was error for the trial court to decide a priority of creditors without contacting all creditors. We dismiss this appeal for lack of standing.
 {¶ 5} "Appeal lies only on behalf of a party aggrieved by the final order appealed from." (Emphasis added). Ohio Contract Carriers Assn.,Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus. Pursuant to App. R. 3(D): "The notice of appeal shall specify the party or parties
taking the appeal[.]" (Emphasis added). App. R. 4 provides that: "A party
shall file the notice of appeal[.]" (Emphasis added). The local rules provide that an appellant "is any party who has filed a notice of appeal." (Emphasis added). Loc. R. 1(B)(1). The local rules also define appellee in terms of being a "party" to the case. (Emphasis added). Loc. R. 1(B)(2). Loc. R. 3(1)(a) and (b) require that the appellant provide the names of "all persons or entities that were named as parties to the proceedings in the action below." (Emphasis sic). Loc. R. Docketing Statement.
 {¶ 6} Based on state and local appellate rules and Ohio Supreme Court case law, we find it clear that being a "party" to the action below is required to establish standing on appeal. Appellate rules define the appellant and appellee, as well as actions taken within an appeal, in terms of "party" and what a "party" must do, not what a "person" must do. It is axiomatic that "party" means one who is designated on the record below as plaintiff or defendant. While other persons may be affected by the outcome of a cause of action, either indirectly or consequently, they are not parties, but only interested persons. Accordingly, one must first show they were a party to the underlying action before reaching the element of "aggrieved" or affected by the outcome of the cause of action.
 {¶ 7} A review of the record below reveals that Cook was not a plaintiff or defendant in the case below. Moreover, the record contains no reference to his involvement with the case. In fact, Cook does not allege that he was a party to the case below or involved in it; he merely alleges that the outcome affects him. While we recognize that Cook may have been affected by the trial court's March 1, 2005 order, appellate rules and case law require more than an aggrieved person, they require aparty aggrieved. Furthermore, this Court declines to subject the judicial system to the consequences that would surely flow from allowing any aggrieved person to file an appeal from a matter in which he was not a party.
 {¶ 8} This Court finds that Cook was not a party to the matter below; therefore, Cook has no standing to appeal the trial court's decisions. It follows that without a proper appeal before us, this Court lacks jurisdiction.
 III {¶ 9} This appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Lawrence Cook.
Exceptions.
Slaby, P.J., concurs.