DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Lawrence Cook, has appealed from two judgments in the Summit County Court of Common Pleas which found that the charging lien obtained by Appellees' counsel had priority over his judgment lien. This Court dismisses the consolidated appeals. *Page 2 
 {¶ 2} The multiple trial court proceedings involving Appellees, James and Lori Hokes, are at the center of this appeal. In Common Pleas Case No. CV 2001-12-6339, Appellees filed suit against Ford Motor Company alleging Lemon Law, breach of warranty, and Magnuson-Moss violations as well as Consumer Sales Practices Act ("CSPA") violations. Appellees were represented in that matter by Attorney Mark Willis. At the trial court level, Appellees were awarded judgment in the amount of $166,000 and were awarded attorney's fees of slightly over $100,000. During Ford's appeal of that judgment, Attorney Willis sought and received a charging lien with respect to his fees and his lien was granted priority.
 {¶ 3} Appellant represented Adkitality, Inc. in Common Pleas Case Nos. CV 2002-01-0512, CV 2002-01-0513. In those suits, Adkitality was awarded judgment against Appellees on a cognovit note in the amount of roughly $130,000. Thereafter, Appellant was substituted as the plaintiff in those cases, becoming a judgment creditor of Appellees. As a result of this judgment and Appellees' award in the Ford Motor Company action, Appellant sought garnishment and/or attachment of Appellees' award. In response, Attorney Willis filed his charging lien in the Adkitality cases. Upon receiving notice of that lien, Appellant attempted to appeal from its issuance in Common Pleas Case No. CV 2001-12-6339. This Court dismissed that appeal for lack of standing. Hokes v. Ford MotorCo., 9th Dist. No. 22602, 2005-Ohio-5182, at ¶ 5-7. *Page 3 
 {¶ 4} In Ford's appeal of the underlying damage award in the same trial court case, this Court reversed the damages portion of Appellees' claims against Ford. See Hokes v. Ford Motor Co., 9th Dist. Nos. 22502, 22577, 2005-Ohio-5945. Following remand and the recalculation of damages, Ford sought clarification regarding the proper party to whom it should pay the award. As a result of the multiple pending cases involved in this determination, the matter was consolidated and heard before a magistrate. The magistrate concluded that Ford should pay the attorney fees award entirely to Attorney Willis. Both trial courts adopted this ruling and ordered Ford to pay the attorney award to Willis. Appellant has timely appealed from both trial court judgments. For ease, this Court has consolidated those appeals for review. Appellant has asserted one assignment of error.
 II Assignment of Error "THE TRIAL COURTS ERRED AS A MATTER OF LAW IN RULING THAT APPELLANT'S CLAIM WAS DECIDED `WITH FINALITY' BY THIS COURT IN CASE NO. CA-22602."
 {¶ 5} In his sole assignment of error, Appellant has asserted that the trial court erred in determining that Willis' charging lien had priority over his judgment lien. This Court disagrees.
 {¶ 6} For ease of analysis, we address Appellant's contentions separately as they relate to the underlying trial court judgments. *Page 4 
C.A. 23596, Common Pleas Case No. CV 2001-12-6339 {¶ 7} In Appellant's prior appeal from this case, this Court dismissed the appeal because Appellant was not a party to the trial court proceedings and lacked standing to prosecute the appeal. See Hokes v.Ford Motor Co., 9th Dist. No. 22602, 2005-Ohio-5182, at ¶ 5-7. Since that appeal, Appellant has not sought to intervene in this matter and is still not a party to these trial court proceedings. Accordingly, he continues to lack standing to prosecute an appeal from Common Pleas Case No. CV 2001-12-6339. Accordingly, C.A. 23596 is dismissed for lack of standing.
C.A. 23595, Common Pleas Case Nos. CV 2002-01-0512, CV2002-01-0513 {¶ 8} Willis was awarded a charging lien in Common Pleas Case No. CV 2001-12-6339. The awarding of that lien was not disturbed on direct appeal and Appellant has cited no authority which would permit him to collaterally attack that judgment. See generally, Fed. Natl. Mtge. Assn.v. Day, 158 Ohio App.3d 349, 2004-Ohio-4514 (finding that a challenge to the priority of a lien is not subject to a collateral attack). Accordingly, the existence of Willis' charging lien has been established as a matter of law.
 {¶ 9} Therefore, the sole remaining issue which Appellant could litigate is the priority of the liens. As noted above, Ford paid Attorney Willis the full amount of his charging lien. Appellant neither sought nor received a stay of the trial court's judgment which ordered this payment. Consequently, Attorney *Page 5 
Willis' charging lien was satisfied and discharged. Accordingly, any question of priority between the liens is now moot. C.A. 23595, therefore, is dismissed as moot.
 III {¶ 10} Appellant lacks standing in C.A. 23596 and his assignment of error with respect to that appeal is not considered. Appellant's sole assignment of error in C.A. 23595 is moot and not considered. These consolidated appeals are dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 DICKINSON, J. REECE, J. CONCUR *Page 6 
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1